IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LANCE THOMAS RAY SHOCKLEE                                                                 PLAINTIFF

v.                                           Civil No. 1:21-cv-1059

JONATHAN MESSER, HEAD DRUG TASK FORCE;
HOUSTON BRADSHAW, DTF; AARON GALBERT,
DTF; CAPTAIN RICHARD MITCHAM, UNION COUNTY
DETENTION CENTER; AND OFFICER TUBBS, UCDC                                DEFENDANTS

## REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickory, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Before the Court is a Motion to Dismiss based on Plaintiff's failure to prosecute this case. (ECF No. 23).

Plaintiff Lance Thomas Ray Shocklee filed this 42 U.S.C. § 1983 action *pro se* on November 18, 2021. (ECF No. 1). His application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). In response to this Court's order, on December 2, 2021, Plaintiff filed an Amended Complaint. (ECF No. 7).

On July 15, 2022, Defendants filed the instant motion stating Plaintiff failed to appear for his deposition on June 15, 2022, and the notice of deposition sent via regular mail to his address of record was not returned.[1] (ECF No. 23). That same day, the Court entered an order directing Plaintiff to file a response to the motion by August 5, 2022. (ECF No. 25). Plaintiff did not respond, and the Court's order was not returned as undeliverable. On August 3, 2022, the Court entered an order directing Plaintiff to show cause as to why he failed to respond to Defendants'

---

[1] In addition to sending the notice of deposition regular mail, Defendants state they also sent the notice via certified mail, but the certified mail was never claimed.

1

motion to dismiss. (ECF No. 26). To date, Plaintiff has not responded to the order to show cause and the order has not been returned to the Court as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with orders of the Court and failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, I recommend Defendant's Motion to Dismiss (ECF No. 23) be **GRANTED** and Plaintiff's Amended Complaint (ECF No. 7) be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **6th day of September 2022**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE